Shauck, J.
It is true, as contended by counsel for defendants, that the mortgages were executed according to law. But it does not follow that, as against the company holding the legal title, they created legal liens. Since the mortgagor has never held the legal title, the mortgages operated only to create a lien upon his equitable interest. The controversy is between the company and the mortgageesrand the superiority of right incident to the legal title is with the former.
Counsel for the mortagagees also contend that, notwithstanding the extent to which they have been executed, the oral contracts set out in the second and third causes of action are void under the statute of frauds. Remembering that the legal title remained in the company, it is quite obvious that if we should adopt this view the only effect would be to defeat utterly the rights of Frantzreb and his mortgagees.
The mortgages were- effective to convey, upon the conditions named, ' all the interest which Frantzreb had at the time of their execution. They could convey no more, because the rights now asserted by the company had been reserved to it by contracts defining the conditions upon which it would surrender to the mortgagor its legal title, and pleaded in an action which was pending when *500 they were executed. The rights of the company against the mortgagees are, therefore, determined by the proposition that at the suit of Frantzreb, a decree for specific performance would have been rendered against the company only upon performance by him of all the conditions on which the company had agreed to convey.
The limitations inhering in the general doctrine of the vendor’s lien apply only to vendors who have divested themselves of the legal title. They have no application to a vendor who retains it.
The judgment of the circuit court should have been in favor of the company upon all the causes of action.

Judgment reversed and judgment for plaintiff in error.